**COSTELLO, MAINS & SILVERMAN, LLC**
By: Elizabeth S. Thomas
Attorney I.D. No. 406232023
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
ethomas@costellomains.com
Attorneys for Plaintiff

| | | |
|---|---|---|
| CRYSTAL M. WILSON, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | BURLINGTON COUNTY - LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| CARVANA, LLC.; and JOHN DOES 1-5 AND 6-10, | : | DOCKET NO: |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |
| | : | |

Plaintiff, Crystal M. Wilson, residing in Lumberton, New Jersey by way of Complaint against the Defendants, says:

### Preliminary Statement

Plaintiff brings this complaint before the Court pursuant to the New Jersey Law Against Discrimination ("LAD") alleging employment-based discrimination based upon disability and/or perception of disability, and retaliation. Plaintiff also brings a claim for unlawful interference under the Family and Medical Leave Act ("FMLA").

### Identification of Parties

1. Plaintiff Crystal M. Wilson was, at all relevant times herein, a resident of the State of New Jersey and was an employee of the Defendants.

2. Defendant Carvana, LLC. is, at all relevant times herein, an entity conducting business at 600 Creek Road, Delanco, New Jersey 08075, and was the employer of Plaintiff.

3. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

## General Allegations

4. Defendants employed Plaintiff as a photo manager from October 21, 2019, through her unlawful termination on September 11, 2023.

5. At all times, Plaintiff performed up to and beyond the reasonable expectations of her employer.

6. On or about August 28, 2023, Plaintiff attempted suicide and was hospitalized for 24 hours.

7. Plaintiff suffered from a psychiatric disability and was disabled within the meaning of that term under the LAD.

8. In addition, and/or in the alternative, Defendant perceived Plaintiff as disabled.

9. Plaintiff returned to work on August 29, 2023, and spoke to Defendants' Assistant General Manager, Jeremy Strickland, about taking medical leave.

10. Plaintiff further spoke to Defendants' Human Resources representative Jen Watson about the procedure for taking FMLA leave.

11. Plaintiff continued working while putting together her FMLA application, as she was scheduled to meet with her therapist on September 12, 2023.

12. Plaintiff's manager and direct supervisor of Plaintiff Dumas Torney began to ask Plaintiff if she wanted to talk to him about the situation.

13. Mr. Torney was a member of upper management, as the LAD defines that term.

14. Plaintiff repeatedly told him no.

15. Upon repeated pushing and questioning, Plaintiff eventually disclosed her suicide attempt and efforts for taking FMLA leave.

16. By announcing her intention to take medical leave, Plaintiff engaged in LAD protected conduct.

17. Thereafter, Mr. Torey's attitude towards Plaintiff changed and became increasingly hostile.

18. Another employee, Nicole Brown, who worked under Plaintiff, advised Plaintiff that Mr. Torey had offered her Plaintiff's job.

19. Mr. Torey acted with a clear and open disregard for any antidiscrimination policies or training issued by the Defendants.

20. By way of example, he would publicly state that he was "prettier than half of the bitches in there," and used the "N-word" to describe an employee.

21. Defendants knew or should have known about Mr. Torey's propensity for discrimination in the workplace.

22. On or about September 8, 2023, Mr. Torey spoke to Plaintiff along with Manager Brittany Riley about Plaintiff's work production.

23. Plaintiff had met her production goals that week.

24. Despite Plaintiff having met her production goals for the week, Mr. Torey remained critical and negative.

25. On or about September 11, 2023, Mr. Torey called Plaintiff into his office after sending other employees home early.

26. At that time, Mr. Torey informed Plaintiff that he was terminating her for conduct dating back to January.

3

27. In January 2023, Plaintiff had a verbal altercation with a manager, who was no longer employed by Defendants, which had been resolved through a disciplinary write up.

28. Plaintiff had not received warnings, write-ups, or any other form of disciplinary actions since the January 2023 incident.

29. The stated reason for termination was false and/or pretext.

30. Defendant was a covered entity under the FMLA.

31. Plaintiff was an eligible employee under the FMLA.

32. A determinative and/or motivating factor in Plaintiff's discharge was an intention to interfere with Plaintiff's right under the FMLA.

33. In addition and/or in the alternative, a determinative and/or motivating factor in Plaintiff's discharge was Plaintiff's status as a disabled person.

34. In addition and/or in the further alternative a determinative and/or motivating factor in Plaintiff's discharge was Defendants' perception of Plaintiff as disabled.

35. In addition and/or in the further alternative a determinative and/or motivating factor in Plaintiff's discharge was Plaintiff's LAD protected conduct.

36. As a result of the actions of Defendants, Plaintiff has suffered economic and emotional harms.

37. Because the acts of Defendants were especially egregious, and because members of upper management participated in and/or were willfully indifferent to the same, punitive damages are warranted.

## COUNT I

### Disability Discrimination under the LAD

38. Plaintiff hereby repeats and re-alleges paragraphs 1 through 37, as though fully set forth herein.

39. For the reasons set forth above, the conduct of Defendants constitutes unlawful discrimination on the basis of disability such that they are liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination under the LAD

40. Plaintiff hereby repeats and re-alleges paragraphs 1 through 39, as though fully set forth herein.

41. For the reasons set forth above, the conduct of Defendants constitutes unlawful discrimination on the basis of perceived disability such that they are liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Retaliation Under the LAD

42.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 41, as though fully set forth herein.

43.     For the reasons set forth above, the conduct of Defendants constitutes unlawful retaliation such that they are liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IV

### FMLA Interference

44.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 43, as though fully set forth herein.

45.     For the reasons set forth above, the Defendants interfered with Plaintiff's rights under the FMLA such that they are liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VI

### Request for Equitable Relief

46. Plaintiff hereby repeats and re-alleges paragraphs 1 through 45, as though fully set forth herein.

47. Plaintiff requests the following equitable remedies and relief in this matter.

48. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

49. Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

50. To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

51. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

52. Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

53. Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

54. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO, MAINS & SILVERMAN, LLC**

By: */s/ Elizabeth S. Thomas*
      **Elizabeth S. Thomas**

Dated: February 14, 2024